[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 13, 2006
THOMAS  K. KAHN
CLERK

_____

No. 05-14657
Non-Argument Calendar
_____

D. C. Docket No. 04-00025-CR-1-SPM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCUS H. RICHARDS,
a.k.a. Big Boy,
a.k.a. Pie

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(February 13, 2006)

Before BARKETT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Marcus H. Richards appeals his 240-month sentence for conspiracy to distribute and possess with intent to distribute five or more kilograms of cocaine. On appeal, Richards contends that the district court erred when it calculated his guideline range because it found that he was responsible for 432 kilograms of cocaine, a fact which he did not admit at the plea hearing. Richards argues that, due to this error, his guideline range was calculated improperly, and his sentence was enhanced in violation of United States v. Booker, 543 U.S. 220 (2005).

Because Richards objected to the PSI's calculation of the drug quantity, we review the issue de novo, but will reverse only for a harmful error. United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005). There are two harmless error standards; one applies to Booker constitutional errors, and the other to Booker statutory errors. United States v. Mathenia, 409 F.3d 1289, 1291 (11th Cir. 2005). A constitutional error, such as the error alleged here, is "harmless where the government can show, beyond a reasonable doubt, that the error did not contribute to the defendant's ultimate sentence." Id.

In United States v. Raad, 406 F.3d 1322 (11th Cir. 2005), the defendant was sentenced to the mandatory minimum, but challenged the district court's calculation of the guideline range. Id. at 1323 n.1. We held that:

Because we conclude that the district court correctly imposed the
statutory mandatory minimum sentence, any error in the guidelines

2

> calculations is harmless and we need not address these arguments. Additionally, there is no merit to [the defendant]'s claim that his sentence is unconstitutional in light of [Booker]. [The defendant] was sentenced to the mandatory minimum sentence based on the facts to which he pleaded guilty.

Id.; see also United States v. Shelton, 400 F.3d 1325, 1333 n.10 (11th Cir. 2005) (explaining that district courts remain bound by statutory minimum sentences despite Booker's remedial holding that the Sentencing Guidelines are merely advisory).

Section 841 of Title 21 states, in relevant part, that if a person knowingly possesses with intent to distribute 5 kilograms or more of cocaine and commits such an offense after a prior conviction for a felony drug offense, the mandatory minimum sentence is 20 years. 21 U.S.C. § 841(a)(1), (b)(1)(A)(ii)(II). Section 846 applies this same sentence when possession with intent to distribute is the object of a conspiracy. 21 U.S.C. § 846.

In this case, Richards conceded at sentencing that, as part of the conspiracy, he was personally responsible for more than five kilograms of cocaine. Furthermore, he waived any objection to the use of a prior felony drug conviction to enhance his sentence. Richards expressly acknowledged because he pled guilty to conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine, and he previously was convicted of a felony drug crime, the

3

statutory minimum was 20 years' imprisonment.  See Raad, 406 F.3d at 1323 n.1.

Because the district court correctly imposed the statutory mandatory minimum

sentence, any error in the guideline range calculation was harmless.

**AFFIRMED.**